OPINION JUDGMENT ENTRY
{¶ 1} Appellant Scott Wagner appeals the decision of the Licking County Court of Common Pleas that found him guilty of twenty-seven counts of rape; thirty-five counts of gross sexual imposition; eight counts of unlawful sexual conduct with a minor; fourteen counts of pandering sexually oriented material involving a minor; three counts of illegal use of a minor in nudity-oriented material or performance; and one count of corruption of a minor. The following facts give rise to this appeal.
 {¶ 2} On September 13, 2002, the Licking County Grand Jury indicted appellant on twenty-four counts of rape, twenty-seven counts of gross sexual imposition, one count of corruption of a minor and five counts of unlawful sexual conduct with a minor. On September 26, 2002, the grand jury indicted appellant on an additional six counts of rape, ten counts of gross sexual imposition and three counts of unlawful sexual conduct with a minor.
 {¶ 3} The state moved to consolidate the two cases for trial. The trial court granted the state's motion on October 23, 2002. Thereafter, on January 31, 2003, the grand jury indicted appellant on four counts of illegal use of a minor in nudity-oriented material or performance and fourteen counts of pandering sexually oriented material involving a minor. The indictment was consolidated with the previous two indictments.
 {¶ 4} All three indictments were the result of sexual offenses appellant committed against eleven boys between June 1, 1996 and August 31, 2002. Prior to the commencement of trial on July 8, 2003, the state moved to dismiss three counts of rape and one count of illegal use of a minor in nudity-oriented material or performance. Following deliberations, the jury convicted appellant of eighty-nine counts.
 {¶ 5} On August 14, 2003, the trial court conducted a classification hearing and classified appellant as a sexual predator. On this same date, the trial court sentenced appellant to an eighty-nine year term of imprisonment.
 {¶ 6} Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 {¶ 7} "I. The trial court erred in denying appellant's motion for a continuance based on the unavailability of counsel, thereby depriving appellant of his rights as guaranteed by the Sixth andFourteenth Amendments to the United States Constitution and comparable provisions of the Ohio Constitution.
 {¶ 8} "II. The trial court abused its discretion in denying appellant's request for state funds to hire a child psychologist, thereby depriving appellant of due process of law as guaranteed by the fourteenth amendment to the United States Constitution and comparable provisions of the Ohio Constitution.
 {¶ 9} "III. The trial court committed plain error in consolidating all of appellant's separate counts and indictments for trial, thereby depriving him of due process of law as guaranteed by the fourteenth amendment to the United States Constitution and comparable provisions of the Ohio Constitution.
 {¶ 10} "IV. The trial court erroneously admitted evidence of post-traumatic stress disorder in the absence of any expert testimony in violation of the rules of evidence and thus deprived appellant of due process of law as guaranteed by theFourteenth Amendment to the United States Constitution and comparable provisions of the Ohio Constitution.
 {¶ 11} "V. The trial court committed plain error in permitting hearsay testimony of interviews conducted of the alleged victims in this case, thereby depriving appellant of his right of confrontation as guaranteed by the Sixth Amendment to the United States Constitution and comparable provisions of the Ohio Constitution.
 {¶ 12} "VI. The trial court committed plain error in admitting irrelevant and inadmissible evidence about pornography and other materials seized from appellant's residence, thereby depriving appellant of his right to a fair trial as guaranteed by the Fourteenth Amendment to the United States Constitution and comparable provisions of the Ohio Constitution.
 {¶ 13} "VII. The prosecuting attorney's remarks during closing arguments constituted prosecutorial misconduct and plain error which deprived appellant of a fair trial in violation of the Fourteenth Amendment to the United States Constitution and comparable provisions of the Ohio Constitution.
 {¶ 14} "VIII. The failures of appellant's trial counsel constituted ineffective assistance, thereby depriving appellant of his rights as guaranteed by the Sixth Amendment to the United States Constitution and comparable provisions of the Ohio Constitution.
 {¶ 15} "IX. The trial court erred in relying on unreliable testimony in classifying appellant as a sexual predator pursuant to R.C. 2950.09, thereby depriving him of his right to due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and comparable provisions of the Ohio Constitution.
 {¶ 16} "X. The trial court abused its discretion in imposing consecutive sentences on appellant, as such sentences are contrary to law and are not supported by the record from the sentencing hearing. R.C. 2953.08."
 I {¶ 17} In his First Assignment of Error, appellant maintains the trial court abused its discretion when it denied his request for a continuance. We disagree.
 {¶ 18} On the morning of trial, Attorney Blaise Baker requested a continuance due to his co-counsel, Attorney Todd Drown's illness. Attorney Baker provided the trial court with a letter from Attorney Drown's physician that described Attorney Drown's treatment and prognosis. The letter also indicated Attorney Drown should not work for a period of two to four weeks.
 {¶ 19} The grant or denial of a continuance is a matter entrusted to the broad, sound discretion of the trial court.State v. Unger (1981), 67 Ohio St.2d 65, 67. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 {¶ 20} In determining whether a trial court abused its discretion in denying a motion for a continuance, an appellate court should consider the following factors: (1) the length of the delay requested; (2) whether other continuances have been requested and received; (3) the inconveniences to witnesses, opposing counsel and the court; (4) whether there is a legitimate reason for the continuance; (5) whether the defendant contributed to the circumstances giving rise to the need for the continuance; and other relevant factors, depending on the unique facts of each case. Unger at 67-68.
 {¶ 21} Appellant claims the trial court abused its discretion when it denied his request for a continuance for the following reasons. First, appellant did not seek a lengthy delay of the proceedings. Second, appellant had not previously sought an unreasonable number of continuances from the trial court. Third, there is no indication that rescheduling the trial would have presented a substantial inconvenience to the litigants, witnesses or opposing counsel. Fourth, appellant's request for a continuance was for a legitimate reason. Fifth, appellant did not contribute to the circumstances that gave rise to the request for a continuance. Sixth, a continuance was necessary because Attorney Drown prepared the areas of the case involving forensic computer analysis, DNA analysis and defense character witnesses.
 {¶ 22} In denying the motion for a continuance, the trial court noted that it delayed the trial a day in order to accommodate Attorney Drown and had previously granted two continuances, in this matter, at the defense's request. Tr. Vol. I at 33, 35-36. The trial court also noted that the letter from Attorney Drown's physician was not dated. Id. at 36. Further, Attorney Drown's assistant was present, in the courtroom, and would be able to assist Attorney Baker. Id. at 37.
 {¶ 23} On appeal, appellant has not established that that he was prejudiced by Attorney Drown's absence. In fact, Attorney Drown appeared, on the third day of trial, and fully participated in the portions of the case that he prepared. Upon consideration of the factors contained in Unger, we do not find the trial court abused its discretion when it denied appellant's motion. Although Attorney Drown's illness may have been a legitimate reason for a request for a continuance, other factors supported the trial court's decision. First, Attorney Baker did not indicate the length of the delay requested. Second, defense counsel previously requested and received two continuances. Third, and most importantly, due to the number of victims and witnesses involved in this case, continuing and rescheduling this matter for trial would have been inconvenient.
 {¶ 24} Appellant's First Assignment of Error is overruled.
 II {¶ 25} Appellant contends, in his Second Assignment of Error, the trial court abused its discretion when it denied his request, for state funds, to hire a child psychologist. We disagree.
 {¶ 26} The trial court denied appellant's request for funds, for a child psychologist, and stated on the record:
 {¶ 27} "The Court would find, based upon the representations of the State, that they're going to call these witnesses to testify on direct and be subject to cross, and that they are not going to attempt to use exception under the hearsay rule, that is, statements that the victims might have made to social workers, investigating officers or anyone else, that there's not a basis to hire such an expert, so we'll overrule their request for that." Tr. Suppression Hrng., Mar. 27, 2003, at 65.
 {¶ 28} Appellant claims he needed the assistance of a child psychologist in order to introduce the proffered theory of contagion. We conclude the trial court did not abuse its discretion when it denied appellant's request as appellant is not indigent and therefore, was not entitled to state funds. Although the trial court provided funds for a DNA expert, a medical doctor and a computer expert, it did so as a loan until appellant could liquidate some of his assets to pay for these services. Clearly, appellant had the means to hire a child psychologist had he believed it necessary to do so. Appellant is not indigent and therefore, is not entitled to state funds.
 {¶ 29} Accordingly, appellant's Second Assignment of Error is overruled.
 III {¶ 30} Appellant maintains, in his Third Assignment of Error, the trial court committed plain error when it consolidated all of the indictments for trial. We disagree.
 {¶ 31} In its judgment entry granting the state's motion to consolidate, the trial court stated:
 {¶ 32} "Pursuant to Crim.R. 8 these cases could have been indicted together as they `are of the same or similar character, or are based on the same act or transaction, or are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan, or are part of a course of criminal conduct.' Additionally, Crim.R. 13, allows the court to order two or more indictments to be tried together, if the offense could have been joined in a single indictment.
 {¶ 33} "Factually, some of the victims in the older cases and evidence necessary in the above captioned case will be admissible in the older cases." (Emphasis sic.) Judgment Entry, Mar. 14, 2003, at 1.
 {¶ 34} Appellant contends the trial court erred when it consolidated the indictments because the evidence presented by the state varied with respect to each alleged victim. Some of the victims were pictured in photographs taken from appellant, while other victims suffered some degree of physical trauma. Further, for other victims, there was no corroborating evidence. Thus, appellant concludes that if the jury was convinced, beyond a reasonable doubt, that he was guilty of one count, the finding of guilt as to one count likely influenced the jury's decision on the remaining counts.
 {¶ 35} Therefore, appellant maintains that even if the trial court properly joined these indictments, severance was necessary to avoid prejudice. Appellant argues the jury was able to use the accumulated evidence to convict him on counts that were factually deficient. Further, appellant maintains the consolidated trial prejudiced his rights and hindered his ability to testify on his own behalf because if he testified in one case, he would be subject to cross-examination in the other case.
 {¶ 36} Crim.R. 13 permits joinder and provides, in pertinent part, as follows:
 {¶ 37} "The court may order two or more indictments or informations or both to be tried together, if the offenses or the defendants could have been joined in a single indictment or information. The procedure shall be the same as if the prosecution were under such single indictment or information." * * *
 {¶ 38} "Joinder is liberally permitted to conserve judicial resources, reduce the chance of incongruous results in successive trials, and diminish inconvenience to the witnesses." State v.Schaim, 65 Ohio St.3d 51, 58, 1992-Ohio-31. Crim.R. 14 permits a defendant to sever the charges if consolidation will result in prejudice. This rule provides as follows:
 {¶ 39} "If it appears that a defendant or the state is prejudiced by a joinder of offenses * * *, in an indictment, * * * or by such joinder for trial together of indictments, * * *, the court shall order an election or separate trial of counts, * * *, or provide such other relief as justice requires. * * *"
 {¶ 40} On appeal, in order to prevail on a claim that the trial court erred in denying a motion to sever, appellant has the burden of demonstrating the following three facts: (1) that his rights were prejudiced; (2) that at the time of the motion to sever he provided the trial court with sufficient information so that it could weigh the considerations favoring joinder against the defendant's right to a fair trial; and (3) that given the information provided to the court, it abused its discretion in refusing to separate the charges for trial. Id. at 59, citingState v. Torres (1981), 66 Ohio St.2d 340, syllabus.
 {¶ 41} In determining whether appellant was prejudiced by joinder of multiple offenses, we must determine (1) whether evidence of the other crimes would be admissible, even if the counts were severed, and (2) if not, whether the evidence of each crime is simple and distinct. Id., citing State v. Hamblin
(1988), 37 Ohio St.3d 153, 158-159, reversed on other grounds, (C.A. 6, Ohio), 354 F.3d 482. "If the evidence of other crimes would be admissible at separate trials, any `prejudice that might result from the jury's hearing the evidence of the other crime in a joint trial would be no different from that possible in separate trial,' and a court need not inquire further." Id., citing Drew v. United States (C.A.D.C. 1964), 331 F.2d 85, 90.
 {¶ 42} Thus, our first inquiry is the extent to which evidence of each of these crimes would be admissible in the other trials if the counts were severed. The admission of other-acts evidence is governed by Evid.R. 404(B). Evid.R. 404(B) provides that evidence of other-acts "* * * may * * * be admissible for * * * purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
 {¶ 43} Other-acts evidence is admissible only if "`there is substantial proof that the alleged other acts were committed by the defendant' and such evidence tends to show one of the matters enumerated in Evid.R. 404(B). (Emphasis sic.) State v.Echols (1998), 128 Ohio App.3d 677, 692, citing State v. Lowe,69 Ohio St.3d 527, 530, 1994-Ohio-345. In order for other-acts evidence to be admitted, both prongs must be satisfied. Echols
at 692. Failure to meet one prong defeats the use of such evidence. Id.
 {¶ 44} The first prong, identity, i.e. whether appellant committed the other acts, may be used to prove identity in two situations. The first situation is where the other acts are inextricably interwoven or related to the alleged criminal act. Id. at 692-693. The second situation is where the other-acts involve a unique identifiable plan of criminal activity so as to establish a modus operandi or behavioral fingerprint. Id. at 693.
 {¶ 45} We have reviewed the evidence in this case and conclude the joined offenses share significant common features sufficient to establish a modus operandi that identify appellant as the perpetrator. Appellant preyed upon young boys. The victims' testimony established the offenses were part of a common scheme whereby appellant seduced and victimized the boys over a period of time. Appellant would gain the trust of the boys, introduce sexuality into the trust and engage the victims in sexual activity. All of the victims described how appellant sought continued trust and contact with them, after the initial victimization, by engaging in a plan to keep the victims coming back to him at his home.
 {¶ 46} The other-acts evidence also tended to show one of the matters enumerated in Evid.R. 404(B). Clearly, the manner by which appellant gained the victims' trust established proof of motive, opportunity, intent, preparation, plan, knowledge and identity. Because there was substantial proof that the other-acts were committed by appellant and such evidence established at least one of the grounds enumerated in Evid.R. 404(B), we conclude appellant was not prejudiced by the trial court's joinder of the three indictments. Having failed to establish the first prong needed to prove the trial court erred by joining the indictments, we will not address the remaining two prongs.
 {¶ 47} Finally, we note that, "[t]he mere possibility that the defendant might have a better choice of trial tactics if the counts are separated, or the mere possibility that he might desire to testify on one count and not on the other, is insubstantial and speculative; it is not sufficient to show prejudice." [Citation omitted.] Torres at 344.
 {¶ 48} Appellant's Third Assignment of Error is overruled.
 IV {¶ 49} Appellant contends, in his Fourth Assignment of Error, the trial court erroneously admitted evidence of post-traumatic stress disorder in the absence of any expert testimony . We disagree.
 {¶ 50} Appellant maintains that throughout the state's case-in-chief, it introduced evidence that five of the eleven victims suffered psychological trauma as a result of appellant's abuse. Appellant argues evidence of the victims' post-traumatic stress disorder required correlation by expert testimony and improperly bolstered the witnesses' credibility. In support of this assignment of error, appellant cites State v. Bidinost,71 Ohio St.3d 449, 1994-Ohio-465. The Bidinost decision concluded the trial court properly admitted testimony, by an expert witness, regarding post-traumatic stress disorder.
 {¶ 51} In the case sub judice, the record reveals defense counsel did not object to the introduction of this testimony. Therefore, we must analyze this assignment of error under a plain error analysis pursuant to Crim.R. 52(B). This rule provides that, "[p]lain error or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Notice of plain error, under this rule, is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. State v. Long
(1978), 53 Ohio St.2d 91, paragraph three of the syllabus.
 {¶ 52} We note that for the first time on appeal, appellant refers to the testimony of the five victims as "post-traumatic stress disorder." At no point during the trial was this phrase used in connection with the testimony of these five victims. The five victims testified, as well as their parents, about how this abuse impacted their lives.
 {¶ 53} Generally, the admission or exclusion of testimony by a lay witness as to opinions or inferences rests within the sound discretion of the trial court and will not be reversed by the reviewing court absent an abuse of discretion. State v. Sibert
(1994), 98 Ohio App.3d 412, 426. Evid.R. 701 governs opinion testimony by lay witnesses. This rule provides as follows:
 {¶ 54} "If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions which are (1) rationally based on the perception of the witness and (2) helpful to a clear understanding of his testimony or the determination of a fact in issue."
 {¶ 55} The courts have recognized that when based upon personal observations, a lay witness may testify about another's emotional state, physical condition or sanity. Id., citing Statev. Morris (1982), 8 Ohio App.3d 12. In the case sub judice, we do not find the admission of this testimony constituted plain error. The victims were permitted to testify regarding how appellant's abuse impacted their lives. Further, the parents of these children also properly testified about the impact of this abuse on the lives of their children. Such testimony helped the jury to determine the credibility of the victims' testimony.
 {¶ 56} Appellant's Fourth Assignment of Error is overruled.
 V {¶ 57} Appellant contends, in his Fifth Assignment of Error, the trial court erred when it permitted hearsay testimony from interviews conducted of two of the victims. We disagree.
 {¶ 58} Appellant maintains the trial court improperly permitted Stacy Saunders, of the Licking County Department of Job and Family Services, to testify about interviews she conducted with two of the victims. During her testimony, Ms. Saunders testified that both victims identified appellant as the person who molested them. Tr. Vol. III at 643, 646. Appellant argues these statements, by Ms. Saunders, were hearsay and improperly bolstered the credibility of these two witnesses.
 {¶ 59} The record indicates defense counsel did not object to this portion of Ms. Saunders' testimony. Therefore, we must review this assignment of error under a plain error analysis pursuant to Crim.R. 52(B). This rule provides that, "[p]lain error or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Notice of plain error, under this rule, is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. Long at paragraph three of the syllabus.
 {¶ 60} We find Ms. Saunders' statements were not hearsay pursuant to Evid.R. 801(D)(1)(c), which provides as follows:
 {¶ 61} "A statement is not hearsay if:
 {¶ 62} "(1) Prior statement by witness. The declarant testifies at trial or hearing and is subject to cross-examination concerning the statement, and the statement is * * * (c) one of identification of a person soon after perceiving him, if the circumstances demonstrate the reliability of the prior identification."
 {¶ 63} In State v. Boston (1989), 46 Ohio St.3d 108, modified by State v. Dever (1992), 64 Ohio St.3d 401,[1]
the Ohio Supreme Court concluded that under proper circumstances, Evid.R. 801(D)(1)(c) may be used to admit the out-of-court statements of a child declarant identifying a third person, the perpetrator of alleged child abuse. The requirements of Evid.R. 801(D)(1)(c) apply to the facts of the case sub judice.
 {¶ 64} First, both victims testified, at trial, prior to Ms. Saunders' testimony. See Tr. Vol. III at 577-596 and Tr. Vol. III at 616-629. Both victims described the sexual abuse and identified appellant as the perpetrator. Tr. Vol. III at 580-589 and Tr. Vol. III at 623. Second, both victims were subject to cross-examination concerning the statements. Finally, the statements were one of identification of appellant. Because the statements of Ms. Saunders are not hearsay, the trial court properly admitted these statements. As such, no plain error exists.
 {¶ 65} Appellant's Fifth Assignment of Error is overruled.
 VI {¶ 66} Appellant contends, in his Sixth Assignment of Error, the trial court committed err when it admitted, into evidence, irrelevant and inadmissible evidence concerning pornography, a marijuana pipe and a newspaper article dealing with child pornography. We disagree.
 {¶ 67} Appellant argues the state's repeated references to these items were irrelevant and served only to inflame the passions of the jury. The admission or exclusion of evidence rests within the sound discretion of the trial court. State v.Sage (1987), 31 Ohio St.3d 173, paragraph two of the syllabus. Therefore, we will not reverse a trial court's evidentiary ruling unless we find an abuse of discretion. In the case sub judice, defense counsel did not object to the admission of this evidence.
 {¶ 68} Evid.R. 103(A)(1) specifically provides as follows:
 {¶ 69} "(A) Effect of erroneous ruling
 {¶ 70} "Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and
 {¶ 71} "(1) Objection. In case the ruling is one admitting evidence, a timely objection or motion to strike appears of record stating the specific ground of objection, if the specific ground was not apparent from the context; * * *"
 {¶ 72} Having failed to object to the admission of this evidence, we conclude appellant waived this issue for purposes of appeal. However, even if we were to address this issue, we conclude the pornography found on appellant's computer was admissible to show appellant's motive, intent, scheme or plan in committing the sexual abuse because this evidence establishes it was gathered and viewed by someone interested in child pornography. State v. Eichorn, Morrow App. No. 02 CA 953, at ¶ 33, 2003-Ohio-3415.
 {¶ 73} As to the marijuana pipe, some of the victims testified about smoking marijuana with appellant. The introduction of the pipe corroborates this testimony. Finally, even if we were to determine the trial court abused its discretion when it admitted into evidence the newspaper article, any error that resulted was harmless.
 {¶ 74} Appellant's Sixth Assignment of Error is overruled.
 VII {¶ 75} In his Seventh Assignment of Error, appellant maintains the prosecutor's comments during closing arguments constituted prosecutorial misconduct and deprived him of a fair trial. We disagree.
 {¶ 76} Specifically, appellant challenges the following statement made during the rebuttal portion of the prosecutor's closing argument:
 {¶ 77} "Defense counsel makes an argument that the defendant didn't run when he found out he wasn't (sic) being investigated, he stuck around. The defendant knew he was being investigated about two boys, * * *, and there were allegations of touching over the clothing. He didn't know the full extent of the investigation until the police came knocking on his door on September 6, 2002. There was no evidence presented to you, that I can recall, regarding Interpol or F.B.I. There's no absolutely no evidence before you showing how may children have ever made allegations against this defendant. Tr. Vol. VII at 1242-1243.
 {¶ 78} Appellant argues the above comment did not relate to any facts in evidence, was not relevant to any of the charges and left jurors with an inference that appellant was the target of federal and international investigations.
 {¶ 79} In addressing a claim for prosecutorial misconduct, we must determine (1) whether the prosecutor's conduct was improper and (2) if so, whether it prejudicially affected the defendant's substantial rights. State v. Smith (1984), 14 Ohio St.3d 13,14. The touchstone of this analysis "is the fairness of the trial, not the culpability of the prosecutor." Smith v.Phillips (1982), 455 U.S. 209, 219. A trial is not unfair if, in the context of the entire trial, it appears clear beyond a reasonable doubt that the jury would have found the defendant guilty even without the improper comments. State v. Treesh,90 Ohio St.3d 460, 464, 2001-Ohio-4.
 {¶ 80} We conclude the prosecutor's conduct was not improper in the case sub judice. The record establishes the prosecutor made this comment, in response to defense counsel's closing argument, wherein counsel stated:
 {¶ 81} "Ladies and gentlemen, what are the chances, what are the chances, the odds, that the only victims that Scott Wagner had are members of the same basic group? Nowhere else, nowhere else in — in Ohio, nowhere else around here, nowhere else in Columbus where he works, we know he didn't do anything else because we have Interpol having checked him out. We have the F.B.I. having checked him out. We have record checks. Nowhere else except this isolated little pocket of friends and relatives that have been abused. No allegations, nothing, except right there. Tr. Vol. VII at 1231.
 {¶ 82} Clearly, the prosecutor's comment, made during the rebuttal portion of closing argument, was merely a response to defense counsel's comment concerning the scope of the investigation. Defense counsel attempted to place doubt, in the mind of the jurors, by questioning why there was only this one area where appellant abused the children. The prosecutor, on rebuttal, reminded the jurors that there was no evidence presented concerning any investigations by Interpol or the F.B.I. As such, we conclude the prosecutor's comment was not improper.
 {¶ 83} Appellant's Seventh Assignment of Error is overruled.
 VIII {¶ 84} In his Eighth Assignment of Error, appellant maintains he received ineffective assistance of counsel. We disagree.
 {¶ 85} Appellant claims defense counsel was ineffective because they failed to object to joinder of the three indictments, failed to request severance of the various counts, failed to object to inadmissible hearsay, failed to object to irrelevant evidence, failed to object to prosecutorial misconduct and failed to request disclosure of witness statements after the state's witnesses testified on direct examination.
 {¶ 86} A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. Strickland v. Washington (1984), 466 U.S. 668;State v. Bradley (1989), 42 Ohio St.3d 136.
 {¶ 87} In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
 {¶ 88} In order to warrant a reversal, appellant must additionally show he was prejudiced by counsel's ineffectiveness. "Prejudice from defective representation sufficient to justify reversal of a conviction exists only where the result of the trial was unreliable or the proceeding fundamentally unfair because of the performance of trial counsel." State v. Carter
(1995), 72 Ohio St.3d 545, 558, citing Lockhart v. Fretwell
(1993), 506 U.S. 364, 370.
 {¶ 89} Further, both the United States Supreme Court and the Ohio Supreme Court have held a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Bradley at 143, quoting Strickland
at 697.
 {¶ 90} As to the joinder and severance issues, defense counsel did object to the joinder of the indictments by challenging joinder at a hearing, before the trial court, on the state's motion to consolidate. Also, defense counsel filed a memorandum opposing joinder of the indictments. Appellant next challenges the performance of defense counsel as it pertains to the issues of inadmissible hearsay, irrelevant evidence and prosecutorial misconduct. However, we have addressed these issues in previous assignments of error and concluded they are not a basis for reversal. Therefore, these issues cannot be the basis for a claim of ineffective assistance of counsel. Finally, witness statements were disclosed, as part of the discovery process, there was no need for defense counsel to request these statements at trial.
 {¶ 91} Accordingly, we conclude defense counsels' performance was not deficient and appellant was not prejudiced by defense counsels' representation.
 {¶ 92} Appellant's Eighth Assignment of Error is overruled.
 IX {¶ 93} Appellant contends, in his Ninth Assignment of Error, the trial court erred in relying upon unreliable testimony when it classified him as a sexual predator. We disagree.
 {¶ 94} This assignment of error essentially alleges the trial court's determination to classify appellant, as a sexual predator, is not supported by clear and convincing evidence because the trial court merely relied upon the testimony of a Licking County Probation Officer. Appellant claims the probation officer did not have any personal information about him but instead, relied upon police reports, victims' statements and conversations with investigators, which he alleges are unreliable and inadmissible.
 {¶ 95} The state has the burden of proving by clear and convincing evidence that a convicted offender qualifies as a sexual predator pursuant to the statutory definition. Clear and convincing evidence is the measure of proof which is more than a mere preponderance of the evidence, but not to the extent of certainty as required beyond a reasonable doubt in criminal cases, and which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. State v. Anderson (1999), 135 Ohio App.3d 759, 735.
 {¶ 96} Our role, on appeal, is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris v.Foley Constr. (1978), 54 Ohio St.2d 279, syllabus.
 {¶ 97} In State v. Cook, 83 Ohio St.3d 404, 1998-Ohio-291, certiorari denied (1999), 525 U.S. 1182, the Ohio Supreme Court specifically considered the applicability of the Rules of Evidence to sex offender classification hearings and whether hearsay is admissible at such hearings. The Court held the rules did not strictly apply to such hearings and that reliable hearsay evidence is admissible if relevant to the legal issue of the hearing. Id. at 425.
 {¶ 98} This court has previously held that a trial court may consider a pre-sentence investigation report in determining a sex offender's status as such information is sufficiently reliable for the purposes of a sexual predator determination hearing.State v. Davis (May 18, 1999), Delaware App. No. 99CA-A-A-05-025, at 4. Finally, we note that appellant's trial took place before the trial court conducting the sexual predator determination hearing. Therefore, the trial court had the benefit of hearing all of the facts and circumstances of the case during trial. See State v. Hinkle (May 19, 2000), Perry App. No. 99CA19, at 4.
 {¶ 99} Appellant's Ninth Assignment of Error is overruled.
 X {¶ 100} In his Tenth Assignment of Error, appellant maintains the trial court erred when it imposed consecutive sentences as such sentences are contrary to law and are not supported by the record from the sentencing hearing. We agree.
 {¶ 101} In State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, the Ohio Supreme Court discussed consecutive sentences and stated:
 {¶ 102} "A court may not impose consecutive sentences for multiple offenses unless it `finds' three statutory factors. R.C.2929.14(E)(4). First, the court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. * * * Second, the court must find
that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. * * * Third, the court must find
the existence of one of the enumerated circumstances in R.C.2929.14(E)(4)(a) through (c)." (Emphasis sic.) Id. at ¶ 13.
 {¶ 103} The factors contained in R.C. 2929.14(E)(4)(a) through (c) are as follows:
 {¶ 104} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 105} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 106} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 107} Thus, the Court concluded, in Comer, that "[p]ursuant to R.C. 2929.14(E)(4) and 2929.19(B)(2)(c), when imposing consecutive sentences, a trial court is required to make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing." Comer at paragraph one of the syllabus.
 {¶ 108} Appellant contends the trial court failed to make any specific oral findings, on the record, regarding the necessity of consecutive sentences. We have reviewed the sentencing transcript in this matter and conclude the trial court did not comply with the requirements of Comer. Although the trial court discussed, in detail, the facts of this case, which would clearly support the sentence imposed, the trial court failed to discuss these facts in the context of R.C. 2929.14(E)(4). Thus, we remand this matter, to the trial court, for the court to make the requisite findings on the record, under R.C. 2929.14(E)(4), as required by the Comer decision.
 {¶ 109} Appellant's Tenth Assignment of Error is sustained.
 {¶ 110} For the foregoing reasons, the judgment of the trial court, Licking County, Ohio, is hereby affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.
Wise, J., Hoffman, P.J., and Farmer, J., concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.
Costs to be split equally between the parties.
[1] The modification, by the Dever Court, to the Boston
decision, concerned Evid.R. 803(4).